# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| NONNA VON SONN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RAYMOND X. BACA,<br><br>　　　　Defendant. | ED CV 15-000757 TJH (JCx)<br><br><br>Order<br><br><br>JS-6 |
| NONNA VON SONN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RAYTHEON BARGAINING<br>RETIREMENT PLAN,<br><br>　　　　Defendant. | |

　　The Court has considered Nonna Von Sonn's motion to remand, together with the moving and opposing papers.

　　Under the complete preemption doctrine, a state law cause of action can be transformed into a federal claim by a federal statute whose preemptive force is

"extraordinary." *See Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993). The complete preemption doctrine is narrowly construed. *See Holman*, 994 F.2d at 668.

The Employment Retirement Income Security Act ["ERISA"] provides that a civil action may be brought by a participant or beneficiary to recover benefits due to his or her retirement or pension plan, to enforce his or her rights under the terms of the plan, or to clarify his or her rights to future benefits under the terms of the plan. *See* 29 U.S.C. § 1132(a)(1)(B).

To be removable, a claim concerning a plan governed by ERISA must (1) be preempted by ERISA and (2) must fall within the scope of ERISA's civil enforcement provisions. *See Providence Health Plan v. McDowell*, 385 F.3d 1168, 1171 (9th Cir. 2004). ERISA supersedes all State laws that relate to employee benefits plan. 29 U.S.C. § 1144(a). However, ERISA does not preempt state court issued qualified domestic relations orders ["QDRO"]. 29 U.S.C. § 1144(b)(7).

A state court's domestic relations order relating to spousal property rights qualifies as a QRDO if it "creates or recognize the existence of an alternative payee's right to […] receive all or a portion of the benefits payable" under a plan. *See* 29 U.S.C. § 1056(d)(3)(B)(i). State courts have concurrent jurisdiction over cases brought "to recover benefits" or "to enforce … or to clarify" rights under the terms of the plan itself. *See Mack v. Kuckenmeister*, 619 F.3d 1010, 1018 (9th Cir. 2010). In proceedings to enforce, clarify, or collect under a plan, a state or federal court may be called upon to determine whether a domestic relations order qualifies as a QRDO. *See Mack*, 619 F.3d at 1018.

To qualify as a QDRO, a state court's marital dissolution order must contain all

of the information specified in 29 U.S.C. § 1056(d)(3)(C)(i)-(iv) that a plan administrator would need to make an informed decision. *Hamilton v. Washington State Plumbing & Pipefitting Indus. Pension Plan*, 433 F.3d 1091, 1097 (9th Cir. 2006).

On April 28, 1997, the Riverside County Superior Court issued a Judgment of Marital Dissolution ["the Judgment"] in the marital dissolution proceeding between Von Sonn and Raymond X. Baca. On August 14, 1998, Riverside County Superior Court issued a QDRO regarding Baca's Raytheon Bargaining Retirement Plan ["Raytheon'] pension plan as required by the Judgment. For reasons unknown to this Court, the August 14, 1998, QDRO does not appear to be in conformity with the Judgment. On October 10, 2014, Von Sonn filed a Request for Order to enforce the terms of the Judgment in the Riverside County Superior Court because the terms of the August 14, 1998, QDRO did not comply with the terms of the Judgement, namely, that Von Sonn was to be named "as the beneficiary of any [retirement/pension] benefits payable or available in the event of [Baca's] death." Raytheon removed the Request for Order to enforce the terms of the Judgment.

Removal was not proper. First, Von Sonn's Request for Order to enforce the terms of the Judgment is not an ERISA claim; only ERISA claims are removal. *See See Providence Health Plan*. Second, the Judgment is a QDRO not preempted by ERISA because it specified: (i) the name and the last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the order; (ii) the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such order applies; and (iv) each plan to which such order applies. *See Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143, 1149 (9th Cir. 2000).

Furthermore, to ensure that the terms of the August 14, 1998, QDRO are

1 consistent with the terms of the Judgment, and to observe comity with respect to California's traditional jurisdiction over matters of domestic relations and the superior competence of California state courts in settling family disputes, this Court defers to the jurisdiction of the Riverside County Superior Court. *See Peterson v. Babbit*, 708 F.2d 465, 466 (9th Cir. 1983).

Accordingly,

**It is Ordered** that the motion to remand be, and hereby is, **Granted**.

Date: October 16, 2015

_____
**Terry J. Hatter, Jr.**
**Senior United States District Judge**